IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANDREW JENNINGS                                                                                           PLAINTIFF

v.                    Civil No. 5:24-cv-05038-TLB-CDC

MATT DURRETT, Prosecuting
Attorney; JUDGE MARK LINDSAY;
PATRICK REESE, Public Defender; and
DETECTIVE JESSE VERMILLION,
Fayetteville Police Department                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Andrew Jennings, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 6) pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

### I.    BACKGROUND

According to the allegations of the Amended Complaint, Plaintiff was sexually harassed and discriminated against at his places of employment. (ECF No. 6 at 4). He indicates he reported this conduct to the Equal Employment Opportunity Commission ("EEOC") and the Occupational Safety and Health Administration ("OSHA"). *Id.* OSHA advised Plaintiff to report it to the police. *Id.* Plaintiff indicates he reported the conduct to the police, the Federal Bureau of Investigation (FBI), and the Department of Justice. *Id.*

Plaintiff says nothing was done until he "snapped." (ECF No. 6 at 4). Specifically, with

1

respect to Defendant Vermillion, Plaintiff says his Eighth and Fourteenth Amended rights were violated by Defendant Vermillion's negligent and unbecoming conduct. *Id.* With respect to Defendants Lindsay and Durrett, Plaintiff asserts they denied his due process rights under the Eighth and Fourteenth Amendments. *Id.* With respect to Defendant Reese, Plaintiff maintains Reese provided ineffective assistance of counsel. *Id.* Plaintiff indicates these actions occurred between 2016 and 2022.[1]

In his Complaint, Plaintiff says his injury was being subjected to oppressive and tyrannical conduct. (ECF No. 6 at 5). Plaintiff says he spent three weeks in a hospital psychiatric ward. *Id.* As relief, Plaintiff asks for payment of his car debt and his credit card debt; to be compensated for the violation of his federal constitutional rights and his ruined credit as well as compensation for the one hundred and thirty-seven days he spent incarcerated; and for dismissal of all his criminal proceedings and that all payments be dropped. *Id.*

## II.    LEGAL STANDARD

On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

---

[1] While it appears likely there is a statute of limitations issue, the Court cannot make this determination without more precise dates being attributed to the conduct of each Defendant. *See e.g., Baker v. Chisom,* 501 F.3d 920, 922 (8th Cir. 2007) (three-year statute of limitations found in Ark. Code Ann. § 16-56-105 applies to § 1983 claims). However, as the claims are otherwise subject to dismissal, the Court will not ask Plaintiff to file a second amended complaint.

than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

For the reasons set forth below, Plaintiff's Amended Complaint is subject to dismissal on the grounds that Defendants are either immune from suit or Plaintiff has failed to state a claim.

### A.  Prosecutorial Immunity

As a prosecuting attorney, Defendant Durrett is immune from suit. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This

is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized.") (internal quotation omitted).  The claim against Defendant Durrett is subject to dismissal.

### B.  Judicial Immunity

"Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967).  The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985) (citation omitted).  Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).  Plaintiff's factual allegations against Defendant Lindsay involve actions taken in Lindsay's capacity as a judge.  Thus, Plaintiff's claim against Defendant Lindsay is barred and subject to dismissal.

### C.  Public Defenders

Public defenders do not act under color of state law while representing criminal defendants.  *Polk Cty. v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings").  The only allegations Plaintiff makes against Defendant Reese are in connection with his representation of Plaintiff in Plaintiff's criminal case.  The claims against Defendant Reese are therefore subject to dismissal.

### D.  Negligence

To state a claim under § 1983, a plaintiff must allege that (1) the conduct of a defendant acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  42 U.S.C. § 1983.  Additionally, it is well settled law that negligence, even gross negligence, does not violate the Constitution.  *Daniels v. Williams,* 474 U.S. 327, 328 (1986) ("Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"). Plaintiff has alleged Defendant Vermillion was negligent and acted in a manner unbecoming to an officer. Plaintiff's claim is – at most – negligence and is therefore subject to dismissal for failure to state a plausible claim under § 1983.

### IV.  CONCLUSION

For these reasons, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), it is recommended that all claims asserted be dismissed on the grounds the Defendants are immune from suit or Plaintiff has failed to state claims upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**RECOMMENDED** this 1st day of April 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE